IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| B.C. and K.C., Individually and as Parents of P.C., a Minor, | § § § | |
| Plaintiff, | § § | Civil Action 2:21-cv-358 |
| v. | § § | |
| Clay Community Schools, | § § § | |
| Defendant | § § | |

**COMPLAINT FOR ATTORNEY FEES**

### I.   INTRODUCTION

Come now Plaintiffs, B.C. and P.C., on behalf of their minor child, P.C. and file this lawsuit for reasonable attorneys' fees and costs to obtain an appropriate education which Defendant Clay Community Schools ("Defendant Clay" or "Clay") must provide to him as required by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. and Indiana law (511 IAC 7-45-11).

P.C. is a teenage student with multiple mental illnesses. He is presently in a residential placement to meet his needs. To get there, Plaintiffs, parents of P.C., exercised their federal rights to have a special hearing officer order Clay to provide P.C. a residential placement. Even though Plaintiffs prevailed because the hearing officer ordered the residential placement, Clay now refuses to pay the families reasonable attorney fees, necessitating this action. Plaintiffs are also entitled to attorneys' fees and recoverable costs incurred in filing and pursuing this action. Plaintiffs assert their claim as follows:

1

## II.     JURISDICTION

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A)-(G). To the extent Plaintiff has pendent claims arising under state law, 511 IAC 7-45-11 permits a prevailing party to bring an action for attorney fees in state or federal court. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## III. VENUE

2. Venue is in this District pursuant to 28 U.S.C. § 1391(b).

## IV. PARTIES

3. Plaintiffs, B.C. and P.C., are residents of Brazil, Indiana and the adoptive parents of P.C., a sixteen-year-old, 10th grade child with disabilities. P.C. has multiple mental illnesses, including moderate to severe Bipolar Affective Disorder, moderate to severe Disruptive Mood Dysregulation Disorder, Fetal Alcohol Syndrome, Conduct Disorder, and Attention Deficit Hyperactivity Disorder. He also has borderline intellectual functioning. Defendant has identified P.C. as a child with an Emotional Disability, as defined by 20 U.S.C. § 140(3)(A), 34 CFR § 300.8, 511 IAC 7-32-92, and 511 IAC 7-41-7.

4. At all relevant times, Plaintiffs have resided at 502 North Forest Avenue, Brazil, Indiana 47832, within the Defendant's attendance boundaries.

5. Defendant, Clay Community Schools (Clay), is and was at all relevant times, an Indiana public school district which receives federal financial assistance pursuant to the IDEA and maintains its principal office in Brazil, Indiana. Clay is responsible to ensure P.C.'s receives a free appropriate public education pursuant the IDEA, 20 U.S.C. §1400 et seq., and as defined

at 20 U.S.C. §1401(9), the accompanying federal regulations at Chapter 34 of the Code of Federal Regulations, and Article 7, Indiana's special education procedures.

### V. THE UNDERLYING ADMINISTRATIVE PROCEEDINGS

6. During the statutory period of this case, P.C.'s mental illnesses became progressively worse. He suffered from delusions, auditory and visual hallucinations, his behavior escalated and became unpredictable. He became increasingly physically aggressive and violent, made numerous homicidal threats and required repeated short-term and long-term psychiatric hospitalizations. Because of his increasingly dangerous behavior, his parents, psychiatrist, and other providers alleged he needed a residential placement in order to make academic and functional progress. Despite its knowledge of the child's serious mental health needs, the Defendants refused to address them.

7. On March 18, 2021, after numerous ongoing requests to the Defendants to provide P.C. with a free appropriate public education and to provide the Student a residential placement, the Plaintiffs retained Connell Michael Kerr, LLC.

8. Plaintiffs proceeded to file Hearing Request HR-056-2021, with the Indiana Department of Education. The parents sought the appointment of an Independent Hearing Officer, asking for a primary remedy of a residential placement to address the child's unique needs.

9. At the time the parents filed the Due Process Complaint, P.C. was hospitalized in a psychiatric facility, having been deemed a danger to himself and others, despite being under the care of a psychiatrist, receiving private psychotherapy, and taking numerous antipsychotic prescription medications. He had not been in school for over six months due to emergency psychiatric placements and short term holds to prevent injury to himself and others.

10. On August 21, 2021, the IHO ordered Clay to arrange for and pay for a residential

placement for P.C. A redacted copy of the Due Process Hearing decision is attached hereto and incorporated by reference herein as **Exhibit A**.

## P.C.'S PSYCHIATRIC SUFFERING

11.     P.C. spent the majority of the 2019-2020 school year in a residential placement. In May of 2020 P.C. was released from a previous residential placement due to his mental illness. He was released without any type of educational plan or support from Clay, save for just two (one-hour) counseling sessions during the summer of 2020.

12.     Almost immediately, in May of 2020, after his release, P.C. began to regress, and his psychiatrist and private providers concluded that he continued to require residential placement services.  Despite the Plaintiffs numerous attempts to convince Clay to provide P.C. with intensive residential services as part of a free appropriate public education, he received only what the family was able to privately fund. Clay offered this seriously mentally ill child only placement in a general education environment with a [few] hours of counseling when he was available and not hospitalized.

13.     Although P.C. managed to return to school for the 2020-2021 school year, sadly, by February 2021, P.C. was again hospitalized for homicidal and suicidal ideations. He had to be chemically sedated. A psychiatric evaluation conducted during this hospitalization concluded he needed an immediate inpatient psychiatric placement to receive an education as he was in need of a long-term placement. Again, the Plaintiffs repeatedly sought Clay's assistance with a residential placement. Clay flatly refused the parents' requests without consulting the child's psychiatrists or mental health providers. Clay claimed it could keep the other students safe from P.C.'s homicidal threats.

14. P.C. was released from the psychiatric hospital in March 2021. Less than a month after his release, P.C. was again hospitalized in a psychiatric facility, this time for the remainder of the 2020-2021 school year.

**HEARING OFFICER ISSUES ORDER FOR RESIDENTIAL PLACEMENT**

15. The due process hearing was held on July 26-30, 2021. On August 21, 2021, the Independent Hearing Officer filed a 23-page decision. The IHO concluded that given P.C.'s current condition, a psychiatric residential facility was the least restrictive environment for implementing P.C.'s educational program. She ordered Clay to provide the residential placement, as deemed appropriate by the student's private mental health treatment team. The Independent Hearing Officer's Order provided the exact relief the Plaintiffs requested in their Due Process Complaint.

16. On August 31, 2021, ten days following receipt of the hearing decision that ordered the Plaintiff's remedy, Plaintiff's counsel sent Defendant's attorney a first settlement letter asking for attorneys' fees and costs for obtaining a residential placement for P.C. The Plaintiff's settlement letter set forth the legal argument as to why they are entitled to recover their attorneys' fees and costs and offered a discount of 10% for prompt resolution of this matter.

17. On September 14, 2021, the Defendant's attorney responded with a counteroffer that offered to pay less than 38% Plaintiff's attorneys' fees and costs. Even more concerning, Defendant Clay's lawyer completely refused *any further negotiation* at all in the same letter.

**PLAINTIFF IS PREVAILING PARTY AND IS ENTITLED TO ATTORNEYS' FEES**

18. The IDEA provides for a "reverse" attorneys' fees award for parents who must litigate to obtain the proper special education services for their student and who prevail in the administrative hearing process or in court. 20 U.S.C. §1415(i)(3).

19. Because the IHO ordered Clay to place P.C. in a residential placement at their cost, Plaintiffs' litigation to obtain a residential placement was a success. Petitioners are entitled to recover reasonable attorneys' fees they incurred, both for prosecuting the Due Process matters and for the instant action.

20. As of the date of this filing, Plaintiff has incurred approximately $117,295.57 in attorneys' fees and costs.  Since this matter is pending, Plaintiff continues to incur attorney fees and reserves the right to seek recovery of additional reasonable fees incurred after filing this Complaint for legal services rendered prosecuting this action.

V.

FACTS RELATED TO ATTORNEYS' FEES

A. PLAINTIFF'S REPEATED SETTLEMENT ATTEMPTS

21. Consistent with the statute and the public policy history of the IDEA, Plaintiffsmade numerous attempts to settle this case short of going through the due process hearing. They offered to use mediation and other options to solve the issue of the child's need for a residential placement. Clay refused to provide a residential placement. Instead, Clay's lawyers informed Plaintiff's counsel that no resolution requesting a residential placement would be accepted.

22. Article 7 and the IDEA provide that schools may avoid unnecessary litigation in Due Process Hearings by providing the Petitioner an offer "more than ten days" before the hearing is to commence. 20 U.S.C. §1415(i)(3)(D)(i); 511 IAC 7-45-11 (d). Similar to FED. R. CIV. PROC. 68, the statutes explain that if a school district makes an offer to a parent "at any time more than ten (10) calendar days before the proceeding begins; [and] the offer is not accepted within ten (10) calendar days; and the court finds that the relief finally obtained by the parents is

not more favorable to the parents than the offer of settlement" then fees are reduced. This allows resolution and a clear opportunity for a school to avoid the cost of litigation.

23. On or about July 15, 2021, Clay's counsel provided a Rule 68/ten-day offer. But notably, Clay refused any residential placement for P.C. for any period of time. Clay also required that P.C. and his parents waive all of other potential claims, sign a confidentiality agreement, and agree to liquidated damages for any breach of confidentiality for a settlement agreement to place the student in essentially a general education classroom in a regular high school. Plaintiffs' counsel communicated with Clay's attorney at numerous points following this offer and during the hearing about the student's desperate need for a residential educational placement. She was repeatedly told that if the Plaintiffs wanted a residential placement for P.C., they would have to proceed with and complete the Hearing.

## B. PLAINTIFFS' ATTORNEYS' FEES TO OBTAIN A RESIDENTIAL PLACEMENT FOR P.C.

**The Attorneys' fees and costs requested**

24. Connell Michael Kerr, LLP's billing statement reflects a total of approximately $117,295.57 in attorneys' fees, expenses, and paralegal/assistant time in this case for some 6 months of litigation involving discovery, review of some 5000 pages of records, three expert witnesses, and a five-day trial. The chart below summarizes the attorneys' fees:

| Attorney | Hours | Hourly Rate | Amount for Fees |
|---|---|---|---|
| Catherine Michael | 187.8 | $325.00 | $61,035.00 |
| Dorene Philpot | 104.7 | $375.00 | $40,275.00 |
| Michelle McGuire | 20 | $325.00 | $6,500.00 |
| | | | **Total Attorney Fees: $107,810.00** |

25. Connell Michael Kerr, LLP used paralegals and other staff to keep the attorneys' fees as low as possible for the five-day trial. The chart below explains the paralegal rates, hours and fees.

| Paralegal/Staff | Hours | Hourly Rate | Amount for Fees |
|---|---|---|---|
| Pat Howey | 42.8 | 2.0 hours at $95.00<br>40.8 hours at $125.00 | $5,290.00 |
| Lori Elmlinger | 8.4 | $95.00 | $798.00 |
| | | | Total Paralegal: $6088.00 |

26. Connell Michael Kerr, LLP incurred some $3397.57 in expenses in this matter. This included: binders, supplies, copying costs, lodging, travel and meals for the case

**The Experience of the attorneys and paralegals.**

27. Less than five (5) full time special education attorneys represent parents in Indiana; most of the education lawyers represent schools. Nationally, there is a dearth of special education attorneys who represent parents and families. Eloise Pasachoff, *Special Education, Poverty, and the Limits of Private Enforcement*, 86 Notre Dame L. Rev. 1413 (2011).

28. The law firm of Connell Michael Kerr, LLP provides representation of parents of children with disabilities throughout Indiana, Ohio, Texas, Michigan, Pennsylvania and occasionally, Alaska. The law firm is well-respected throughout the country. The firm represents families at all stages – school meetings, mediation, special education hearings, federal court, and circuit court. In addition to the two primary partners who practice special education law, Connell Michael Kerr, LLP collaborates with of counsel who can assist in certain matters.

**The Lawyers**

29. **Catherine Michael** is a named partner of Connell Michael Kerr, LLP, and an experienced special education attorney. Ms. Michael's nearly exclusive focus is special education with more than two decades of experience representing parents in special education disputes. She is licensed in Indiana, Texas, and Michigan. Her hourly rate for this case was $325.00. Ms. Michael was lead counsel on this case up to and including preparation for and attendance at the hearing, as well as discovery, and settlement duties. Over 90% of the cases that Ms. Michael handles settle. School districts and their insurers regularly pay her hourly rate in cases that settle. Though she has handled hundreds of these matters, she has had to file for suit for fees in less than a dozen cases over 20 years of practice. The hourly rate of $325.00 per hour is reasonable, customary and within the range of prevailing rates for Indiana. Ms. Michael is a frequent speaker and lecturer on special education, including at the national William and Mary Institute, and the Counsel of Parent Attorneys' and Advocates, the nationwide parent lawyer association for parents' counsel.

30. **Dorene Philpot** is a solo practitioner. An Indiana University Law School graduate, Dorene has more than 20 years of experience as a special education attorney. Ms. Philpot is licensed to practice in Indiana, Texas, and Michigan and began her special education practice in Indiana before moving to Texas, where she presently resides. Ms. Philpot is recognized as a top special education lawyer in the country and in 2012 was awarded the prestigious Diana Lipton award from the Council of Parent Attorneys and Advocates. Her hourly rate for this case was $375.00 an hour and she billed 107.4 hours on this case, for a total of $40,275.00. Her expenses include airfare, mileage, parking, and meals in an additional amount of $947.97. Ms. Philpot is entitled to reimbursement of a total of $41,222.97 for her efforts in this case. Her role in the litigation was to second chair during the five-day hearing. Ms. Philpot has litigated hundreds of

special education cases in Indiana and Texas. Her hourly rate is reasonable and within the range of prevailing rates for Indiana.

31. **Michelle McGuire** is an Indiana licensed special education parent attorney with Connell Michael Kerr, with nearly twenty (20) years of experience representing parents in special education matters. Her hourly rate is $325.00 an hour for 20 hours for a total of $6500.00 in this case. Her hourly rate is reasonable and within the range of prevailing rates in Indiana. Principally, Ms. McGuire assisted with hearing preparation. This included preparation of exhibit lists, expert testimony and disclosures, reports, discovery binders, and general preparation for the hearing.

**The Paralegals**

32. Connell Michael Kerr also utilized paralegals and assistants to reduce attorneys' fees.

33. **Pat Howey** is an Indiana Registered Paralegal, an affiliate member of the Indiana and American Bar Associations, with a B.A. in paralegal studies. She has twenty (20) years of paralegal experience, 18 of which were devoted to special education cases. In addition, she has over thirty-five (35) years of special education lay advocacy experience. She billed for general case work at $95.00 for 2.0 hours for general case work ($190.00) and 40.8 hours at $125.00 for paralegal assistance at the due process hearing ($5,100.00) for a total of $5,290.00. While there is no established range of prevailing paralegal fees in Indiana, an hourly rate of $125.00 for assisting at the litigation table is reasonable, given Ms. Howey's extensive experience, education, and training.

34. Lori Elmlinger is an experienced paralegal who billed $95.00 per hour for 8.4 hours for a total of $798.00.

35. Total paralegal time spent on this case is $6088.

36. The hearing in this case consumed five (5) full days and generated a transcript of some 1,400 pages, with multiple-page exhibits admitted.

**The Expenses**

37. Connell Michael Kerr incurred $3397.57 in expenses in this matter. This included: binders, supplies, copying costs, lodging, travel and meals for the case.

**Parent Programming Costs**

38. The attorneys' fees and costs incurred will rise with continued litigation.

39. Plaintiffs additionally request prejudgment and post-judgment interest on fees awarded.

**Efforts to Settle**

40. Even though the Plaintiffs prevailed and gained the relief they sought, which was the long-term residential placement needed by the student, exercising billing judgment, they offered to settle the fees dispute. In a letter dated August 31st, 2021, Plaintiffs' counsel provided the invoices and offered to reduce the attorneys' fees and related costs by $8,000.00, for a total of $112,500.00. **Exhibit 2.**

41. Clay refused to pay the bill, necessitating this action.

### VI. FIRST CAUSE OF ACTION – IDEA and Article 7

42. Plaintiffs reallege paragraphs 1 through 41 above and incorporate them by reference.

43. As a result of the hearing officer's 23-page decision, Plaintiffs are the prevailing party in the underlying administrative proceeding and now sue Clay Community Schools for a declaration from the Court that they were prevailing parties below.

44. As Plaintiffs are the prevailing party, they are entitled to recover their reasonable and necessary attorneys' fees and costs incurred in the administrative proceeding and in this lawsuit for which they now sue Clay Community Schools.

45. Plaintiffs' fees are of a reasonable and customary nature in this unique and specialized area of law and in the state of Indiana.

46. Plaintiffs will seek attorneys' fees-on-fees for the recovery of the attorneys' fees and costs incurred at the administrative level.

47. Plaintiffs are also entitled as prevailing parties to recover both prejudgment interest and post-judgment interest for which they now sue Clay.

48. Plaintiffs are also entitled to reasonable attorneys' fees and costs when they prevail before this honorable Court. As one court has explained, when parents prevail, the school districts should ordinarily pay reasonable attorneys' fees to avoid unnecessary litigation. When the IDEA's fee provision was passed by Congress, the House of Representatives noted: "If a parent prevails on the merits. . . at an administrative proceeding…the parent may be awarded reasonable attorneys' fees, costs, and expenses incurred in such administrative proceeding. Usually, the amount of such fees, costs and expenses will be agreed to by the public agency. If no agreement is possible, the parent may file a lawsuit for the limited purpose of receiving an award of reasonable fees, costs, and expenses." H.R. Rep. No. 99-296, 99th Cong., 1st Sess. 5 (1985). Given Clay's failure to provide the student precisely what the hearing officer ordered – a critically necessary residential placement – the Court should award same.

## VII. RELIEF SOUGHT

49. Plaintiffs respectfully request that this Court enter judgment against Defendant Clay Community Schools (Clay) and grant the following relief:

a. Declare Plaintiffs as the prevailing party in the underlying special education proceeding and in the current federal court litigation.

b. Award Plaintiffs their reasonable attorneys' fees and related costs of $117,295.57, incurred in the administrative proceedings.

c. Award Plaintiffs additional attorneys' fees and costs incurred in pursuing the current action.

d. Award Plaintiffs' prejudgment and post-judgment interest on any and all awards of fees and costs.

e. Such other and further relief to which Plaintiffs are required.

Dated this 20th day of September 2021.

/s/Catherine M. Michael
Catherine M. Michael
IN Bar No. 22474-49
Sonja D. Kerr
IN Bar No. 11993-49
CONNELL MICHAEL KERR, LLP
555 Congressional Blvd., Suite 115
Carmel, IN 46032
Telephone: (317)-343-4482
Fax: (317)-348-2916
Email: sonja@cmklawfirm.com
Email: catherine@cmklawfirm.com